**UNION ASSET MANAGEMENT HOLDING AG, et al.,
Plaintiffs,**

v.

**SANDISK LLC, et al., Defendants.**

**Case No. 15–cv–01455–VC**

United States District Court,
N.D. California.

Signed January 04, 2017

Aelish Marie Baig, Shawn A. Williams, Robbins Geller Rudman & Dowd LLP, San Francisco, CA, Carissa Jasmine Dolan, Susannah Ruth Conn, Tricia Lynn McCormick, Robbins Geller Rudman and Dowd LLP, San Diego, CA, David Patrick Abel, Gregg S. Levin, Motley Rice LLC, Mount Pleasant, SC, William H. Narwold, Motley Rice LLC, Hartford, CT, William S. Norton, Motley Rice LLC, Mt. Pleasant, SC, for Plaintiffs.

Keith E. Eggleton, Anne Simons Aufhauser, Boris Feldman, Michael Roland Petrocelli, Wilson Sonsini Goodrich & Rosati, Palo Alto, CA, for Defendants.

## ORDER RE PENDING MOTIONS

VINCE CHHABRIA, United States District Judge

This is the third iteration of a securities fraud class action that was most recently dismissed for failure to allege the required level of scienter. *See* Dkt. No. 143. To fix their scienter problem, the plaintiffs have amended their complaint to include statements from two confidential witnesses who previously worked at SanDisk. These confidential witnesses allegedly have knowledge of meetings at which high-level SanDisk executives received information inconsistent with the picture of corporate performance they shared with the investing public. The most important of the confidential witnesses is Confidential Witness 5 ("CW5"), whose statements (according to the complaint) suggest that SanDisk executives played down the difficulties encountered in integrating SanDisk's new acquisitions with its existing staff, sales methods, and technology.

The defendants have moved to dismiss. They have also requested that dismissal be with prejudice. Ostensibly in connection with their request that dismissal be with prejudice—but ostensibly not in connection with the motion to dismiss itself—the defendants have submitted a "recanting declaration" in which CW5 alleges he did not make some of the statements attributed to him. The defendants concede that CW5's declaration can't be used directly in support of dismissal—at least not without inviting discovery into the veracity of CW5's statements. *See* MTD (Dkt. No. 150) at 12. But the defendants argue that the declaration can be used in denying leave to amend, because it helps show that the plaintiffs couldn't possibly cure any defects in their scienter allegations with new evidence from CW5.

The plaintiffs have filed a motion to strike the recanting declaration. This motion is granted. It would clearly be inappropriate for the Court to simply treat the declaration as true and then use it as a basis for preventing the plaintiffs from amending their complaint. CW5's declaration testimony might be true. But it might be false, because the witness feels intimidated by the defendants. *Cf. Hatamian v. Advanced Micro Devices, Inc.*, No. 14–cv–00226–YGR, 2015 WL 511175, at *2 (N.D. Cal. Feb. 6, 2015). Or it might be partially true and partially false. For example, CW5 might, after being approached by SanDisk, have become concerned that he overstated his knowledge to the plaintiffs' investigator, and he might now be overcompensating by recanting more of the allegations than he should. *Cf. City of Pontiac Gen. Employees' Ret. Sys. v. Lockheed Martin Corp.*, 952 F.Supp.2d 633, 636–37 (S.D.N.Y. 2013). Before the Court could credit the declaration and rely on it to

deny leave to amend, it would obviously need to give the plaintiffs an opportunity to test the declaration's accuracy through discovery, an evidentiary hearing, or both.

The defendants attempt to analogize their declaration from CW5 to a case where a plaintiff submits a declaration bolstering his allegations in response to a motion to dismiss. Although a court could not rely on the declaration to deny the motion to dismiss, it could consider the declaration in deciding whether to grant leave to amend. *See, e.g., Felber v. Yudof*, 851 F.Supp.2d 1182, 1184 n.2 (N.D. Cal. 2011). But the defendants' analogy is inapt. When a plaintiff submits a declaration of this sort, a court is not being asked to conclude that the allegations contained in the declaration are true. The court is merely being shown what allegations might be included in an amended complaint (regardless of whether the allegations are actually true) to assess whether they justify leave to amend. Here, the defendants seek to use the allegations in the declaration to dismiss the lawsuit with prejudice, which would only be appropriate (if at all) if the court found the allegations true.

The impropriety of using the recanting declaration to decide whether dismissal should be with prejudice underscores what should by now be obvious: the defendants are simply using the "with-or-without-prejudice" argument as a ruse for putting a recantation in front of the district judge in the hope it will influence the decision on dismissal. Counsel for the defendants betrayed this intent when he suggested at the recent hearing that the Court might, in light of CW5's declaration, not "credit the veracity of the allegations attributed" to him. *See* Transcript (Dkt. No. 170) at 39:10–21.

The defendants can't totally be blamed for this. The combined effect of the high scienter standard in securities fraud litiga-tion and the strict PSLRA discovery stay is to place great weight at the pleading stage on the statements of confidential witnesses. *See City of Pontiac*, 952 F.Supp.2d at 637–38. Such statements may be easily—and even innocently—misconstrued or misrepresented, yet they aren't susceptible to challenge by extrinsic evidence on a motion to dismiss. *See, e.g., City of Livonia Employees' Ret. Sys. & Local 295/Local 851 v. Boeing Co.*, 711 F.3d 754, 761 (7th Cir. 2013). Having apparently been told by CW5 that the plaintiffs' version of his statements was inaccurate, the defendants devised the with-or-without-prejudice argument as a way of finessing the evidentiary limits of a 12(b)(6) motion. This isn't a strategy other courts have clearly rejected, so perhaps the defendants shouldn't be faulted for attempting it. *See* Gideon Mark, *Recanting Confidential Witnesses in Securities Litigation*, 45 Loy. U. Chi. L.J. 575, 584–92 (2014). But at bottom, the defendants are introducing extrinsic material in an effort to sow doubt at a stage when the plaintiffs' factual allegations are presumed true. That is not appropriate.

The defendants make a fair point when they say (as they did at the hearing on this motion) that in some sense they've taken a well-meaning middle ground. On the one hand, their chosen vehicle for introducing the recanting declaration is not as obviously improper as submitting extrinsic evidence directly in support of a motion to dismiss. On the other hand, their approach is not as aggressive towards opposing counsel as immediately filing a motion for sanctions. But there are several responses to this. First, the fact that a confidential witness later reports that a plaintiff's complaint does not accurately describe his statements doesn't necessarily mean that the allegations in the complaint were made in bad faith or that a sanctions motion would be justified. *See Hatamian*, 2015

WL 511175, at *2–3; *City of Pontiac*, 952 F.Supp.2d at 636–37. Second, if a defendant truly believes a plaintiff is violating Rule 11 by including inaccurate statements from a confidential witness, the defendant can notify opposing counsel and inquire into the situation. *See* Fed. R. Civ. Pro. 11(b). If, following that process, the defendant still believes that the plaintiff's allegations about the confidential witness are made frivolously or in bad faith, the defendant can move for sanctions *after* the motion to dismiss has been adjudicated. If the motion is granted, that will almost certainly result in dismissal of the complaint, not to mention monetary sanctions. Third, putting aside the issue of sanctions, there are other ways to prevent plaintiffs from unfairly benefitting from inaccurate confidential witness allegations. For example, if the plaintiff is able to get past the pleading stage but a facially credible recanting declaration is then presented to the district court, the court has discretion to limit initial discovery, if necessary, to the veracity of the confidential witness's statements. However, while a district judge is considering a motion to dismiss, there is a strong argument that defendants should never be submitting recanting declarations, and that courts should be striking any such declarations sight unseen.

Because the defendants improperly submitted a recanting declaration in connection with the motion to dismiss, the motion to dismiss is denied. Denial is without prejudice to relitigating the motion free of any reference to recantation. The discovery stay remains in place.

In addition, the plaintiffs have the option—now that they've seen the recanting declaration, reviewed the defendants' most recent motion to dismiss, and participated in the hearing on the motion to dismiss and motion to strike—of filing a third amended complaint rather than proceeding on their current pleading. If the plaintiffs choose this option, the third amended complaint must be filed within 21 days of this ruling. If the defendants believe that the plaintiffs have made or continue to make allegations about witness statements without a good-faith basis for believing they're true, the defendants should notify the plaintiffs about their concerns, but the Court will not consider the issue further until after a new motion to dismiss has been adjudicated.

**IT IS SO ORDERED.**